NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JOEL L. BELING, DBA SUPA CHARACTERS PTY LTD,**
*Appellant*

v.

**ENNIS, INC.,**
*Appellee*

_____

2017-1542

_____

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 91203884.

_____

Decided: June 9, 2017

_____

JOEL L. BELING, Dallas, Victoria, Australia, pro se.

DANIEL J. CHALKER, Chalker Flores, LLP, Dallas, TX, for appellee.

_____

Before DYK, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Appellant Joel L. Beling, doing business as Supa Characters Pty Ltd ("Mr. Beling"), appeals a final decision of the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB"). In its Final Decision, the TTAB dismissed Appellee Ennis, Inc.'s ("Ennis") opposition to Mr. Beling's application to register "COLOR WARS" for certain goods. *See Ennis, Inc. v. Beling*, No. 91203884, 2017 WL 412412, at *1, *17 (T.T.A.B. Jan. 12, 2017). Despite prevailing before the TTAB, Mr. Beling challenges the TTAB's decision to not establish certain new affirmative defenses proposed by him as a matter of law. *See* Appellant's Informal Br. 3–10. Ennis contends that we should dismiss Mr. Beling's appeal because he prevailed below and has not otherwise demonstrated that he retains a personal stake in this appeal. *See* Appellee's Br. 9–11. We agree with Ennis.

Article III of the Constitution discusses the powers granted to the Judicial Branch and, inter alia, "confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013) (quoting U.S. Const. art. III, § 2). "[A]n appeal brought by a prevailing party" like Mr. Beling "may satisfy Article III's case-or-controversy requirement" so long as that party retains a "personal stake in the appeal." *Camreta v. Greene*, 563 U.S. 692, 702 (2011) (citation omitted). To prove a personal stake in the appeal, a prevailing party must demonstrate that it has standing under Article III.[1] *See id.* at 701 (explaining that the satisfaction of the three requirements for stand-

---

[1] Even if the prevailing party establishes that it possesses the requisite personal stake, prudential concerns may favor dismissing the suit. *See id.* at 702–04. We do not discuss those prudential concerns in detail here because Mr. Beling fails to demonstrate the personal stake required by Article III.

ing—injury-in-fact, causation, and redressability—demonstrates a personal stake in the outcome of an appeal). Mr. Beling bears the burden of establishing that he possesses the requisite personal stake. *See id.*

We must dismiss the instant appeal because Mr. Beling has failed to meet his burden. Mr. Beling undisputedly prevailed before the TTAB. *See Ennis*, 2017 WL 412412, at \*17; *see also California v. Rooney*, 483 U.S. 307, 311 (1987) (explaining that a party prevails if it receives a judgment on the merits in its favor, regardless of whether the lower court agrees with all of the arguments it raises). Mr. Beling did not respond to Ennis's argument that the appeal should be dismissed because he no longer retains a personal stake in the appeal, despite having the opportunity to do so. *See* Fed. Cir. R. 31(e)(3) ("When an informal brief is used, any reply brief must be served within 14 days after . . . appellee's brief is served."); *see also* Guide for Pro Se Petitioners and Appellants 169, http://www.cafc.uscourts.gov/sites/default/files/rules-of-practice/pro%20se.pdf (last visited June 8, 2017) (explaining to pro se appellants that they "may, but are not required to, file a reply brief to respond to issues raised in appellee's . . . brief"). Because Mr. Beling has not demonstrated that he continues to possess a personal stake in the outcome of this appeal, he has not established that a case or controversy remains. We therefore cannot consider the issues presented. *See Camreta*, 563 U.S. at 701–02. Accordingly, the appeal is

**DISMISSED**